**SAUL EWING LLP**
Erik P. Pramschufer
1270 Avenue of the Americas, Suite 2800
New York, NY 10020
Tel: (212) 980-7216
erik.pramschufer@saul.com

Gary B. Eidelman (*pro hac vice* to be filed)
1001 Fleet Street, 9th Floor
Baltimore, MD 21202
Tel: (410) 332-8975
gary.eidelman@saul.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CIARA STAFFORD, <br><br> Plaintiff, <br><br> v. <br><br> FISERV SOLUTIONS LLC and CLOVER NETWORKS, INC., <br><br> Defendants. | Case No. 2:24-cv-10009-MEF-JRA <br><br> CIVIL ACTION <br><br> Motion Date: January 21, 2025 <br><br> ***Document Filed Electronically*** |

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT

Defendants[1] submit this brief in further support of their motion to partially

dismiss Plaintiff's Complaint (DE 8), and in reply to Plaintiff Ciara Stafford's

---

[1] Definitions from Defendants' Memorandum of Law in Support of Their Motion to Partially Dismiss Plaintiff's Complaint (DE 8-1) are incorporated by reference.

opposition to Defendants' motion (DE 13). As set forth below, Plaintiff's opposition is unavailing, and the Court should dismiss Count Three of Plaintiff's Complaint (DE 1, Ex. A) for retaliation under the LAD.[2]

### 1. Any Alleged Retaliation by Rochester Cannot be Attributed to Fiserv.

Defendants assert that Plaintiff's LAD retaliation claim should be dismissed because Plaintiff's Complaint fails to allege any adverse action taken against her by Fiserv[3] as a result of her making complaints about Rochester's alleged inappropriate conduct. (*See* DE 8-1, p. 8–9). In response, Plaintiff identifies three purported adverse actions that resulted from her complaint to Fiserv's HR department: (1) Rochester sitting in her newly-assigned seat on the day she returned to the office after making her complaint to HR; (2) Rochester spreading "lies" to other coworkers about the nature of his relationship with Plaintiff; and (3) Fiserv continuing to employ Rochester. This portion of the Reply focuses on the first and second of these contentions.

---

[2] Plaintiff voluntarily dismissed Counts Two (battery) and Four (constructive discharge) after Defendants filed their motion. (DE 12). Therefore, Plaintiff's opposition exclusively focuses on her LAD retaliation claim. To account for Plaintiff's voluntary dismissal, a revised proposed order for Defendant's partial motion to dismiss is being filed together with this reply brief.

[3] Because Fiserv was Plaintiff's employer (not Clover), only Fiserv is referenced in the arguments below. However, all arguments apply equally to Clover which is alleged to have also been Plaintiff's employer.

Plaintiff acknowledges that Rochester was Plaintiff's similarly-situated coworker at Fiserv —i.e., Rochester was not her supervisor or manager. (*See* Compl., ¶¶ 11–12). As a result, it is not enough for Plaintiff to simply identify that Rochester personally retaliated against her; rather, she must also plead a plausible basis to hold Fiserv vicariously liable for Rochester's alleged acts. *See Moore v. City of Phila.*, 461 F.3d 331, 349 (3d Cir. 2006) (under federal Title VII standards, where retaliatory harassment is perpetrated by a non-supervisory coworker, "the plaintiff must prove employer liability using traditional agency principles") (quoting *Jensen v. Potter*, 435 F.3d 444, 452 (3d Cir. 2006)) (quotation marks omitted); *Vandegrift v. City of Phila.*, 228 F. Supp. 3d 464, 491 (E.D. Pa. 2017) (finding that retaliatory rumor-spreading by non-supervisory coworker could not be attributed to plaintiff's employer).

To impute Rochester's alleged conduct to Fiserv, Plaintiff must ultimately demonstrate that Fiserv was negligent to prevent any retaliatory harassment, which generally requires showing "that management knew or should have known about the harassment, but 'failed to take prompt and adequate remedial action.'" *Jensen*, 435 F.3d at 453 (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1486 (3d Cir. 1990)); *see also Lehmann v. Toys 'R' Us, Inc.*, 132 N.J. 587, 621–622 (1993) (recognizing that an employer may be liable for workplace harassment through negligence, such as failure to maintain and implement reasonable reporting

procedures). "An effective remedy—one that stops the harassment—is adequate per se." *Jensen,* 435 F.3d at 453 (citing *Knabe v. Boury Corp.*, 114 F.3d 407, 411–12 n. 8 (3d Cir. 1997)).

Plaintiff's allegation with respect to Rochester being at her workstation on the morning she returned to work cannot be imputed to Fiserv because Plaintiff does not allege that this was done intentionally by Fiserv or that Fiserv even knew about the situation and failed to correct it. In fact, Plaintiff references this circumstance occurring just once on September 11, 2023 (months before she quit), implying that this issue was quickly addressed by Fiserv and/or Rochester himself. (Compl., ¶ 97). There are no facts alleged that would permit a reasonable factfinder to infer that Fiserv failed to promptly and adequately remediate this issue which, in reality, appears to be nothing more than a miscommunication about who (Plaintiff or Rochester) was supposed to be moved to another location.

The cases Plaintiff cites in her opposition related to this issue are inapposite because they all involved some type of action or conscious inaction by the plaintiff's manager. For example, despite its superficial relevancy to this case because it also involved an alleged harassing coworker sitting in the plaintiff's workstation, Plaintiff's reference to *Pavlik v. Potter*, No. 06-3015(RBK), 2008 WL 4757297 (D.N.J. Oct. 27, 2008) misses the mark. In that case, the plaintiff complained about a number of issues, including one interaction when her alleged

4

prior harasser was assigned to sit at the plaintiff's workstation because the office was shorthanded that day. *See id.* at *3, 8. However, there was no discussion of vicarious liability in that case, and the court acknowledged later in its opinion that the plaintiff's manager assigned the plaintiff's alleged prior harasser to work at her workstation. *See id.* at *8 (recognizing that the defendant assigned the alleged prior harasser to "work at the sorter with Plaintiff"). No such conscious or deliberate action is alleged here and, again, Plaintiff's Complaint makes clear that this issue was promptly rectified. *Cf. Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 717 (3d Cir. 1997) (Alito, J.) (rejecting argument that requiring employee to work in close proximity to prior harasser constituted sexual harassment per se).

Plaintiff's other allegation that Rochester was spreading "lies" about their relationship and questioning her harassment complaint against him to other coworkers also cannot be imputed to Fiserv. Plaintiff does not allege that any management-level employees knew about this issue until September 14, 2023, when Plaintiff met with an HR employee, Brenna Johnson, to complain. (Compl., ¶¶ 98–105). Johnson advised Plaintiff that the issue would be investigated, including interviewing Rochester and others. (*Id.* at ¶ 106). Following HR's investigation, Johnson advised Plaintiff that she had corroborated Plaintiff's allegation regarding Rochester's comments to other coworkers and further advised

5

Plaintiff that she had informed Rochester that "this type of behavior was not acceptable." (*Id.* at ¶ 107).

After this, the Complaint is silent about any other allegations regarding Rochester or any other Fiserv employees. Instead, Plaintiff's allegations leap forward ten months to her resignation on July 26, 2024. (*Id.* at ¶ 108) Thus, Plaintiff's own allegations establish that HR's counseling to Rochester must have stopped the alleged harassment because Rochester's alleged retaliatory conduct stopped no later than four business days after it was reported to Fiserv's HR department.

For these reasons, it is implausible for Plaintiff to claim that Fiserv was negligent to prevent any retaliatory harassment allegedly perpetrated by Rochester. Plaintiff's silence as to any alleged harassing conduct following HR's investigation of the issue confirms that Fiserv's response was prompt and appropriate, consistent with its legal obligations. As a result, the purported adverse actions fail as a matter of law to support any claim for retaliation against Fiserv.

### 2. Fiserv Cannot be Liable for Retaliation for Failing to Terminate Rochester's Employment, Because the Alleged Bad Behavior Promptly Stopped After HR's Intervention.

Plaintiff additionally argues that Fiserv retaliated against her by failing to terminate Rochester, forcing her to work with her alleged harasser up until the time she resigned from her employment. This single-sided proposition that Fiserv

should have terminated Rochester in order to escape legal liability to Plaintiff is untenable and inconsistent with the law, particularly considering, as Plaintiff admits, Fiserv's HR department did not substantiate all of her allegations about Rochester's conduct. (*See* Compl., ¶ 94 (alleging Johnson told Plaintiff she substantiated "most" of her allegations)).

For an employer to be found negligent in preventing workplace harassment, the plaintiff must demonstrate that the remedial action taken by the employer once it had knowledge of the issue was inadequate. *See Knabe*, 114 F.3d at 412. Whether an employer adequately remediated the issue is determined by whether the employer's corrective action "was reasonably calculated to prevent further harassment." *Id.* at 412–13 (citations and quotations marks omitted); *see also Lehmann*, 132 N.J. at 623 ("'Effective' remedial measures are those reasonably calculated to end the harassment."). As referenced above, an effective remedy that stops the harassment promptly is adequate per se under this standard. *Jensen*, 435 F.3d at 453; *Morrison v. Carpenter Tech. Corp.*, 193 F. App'x 148, 153 (3d Cir. 2006). This is true even if the remedy is something informal such as employment counseling, rather than a formal discipline such as a suspension or termination. *Knabe*, 114 F.3d at 413.

Based upon Plaintiff's own allegations, and construing all inferences in her favor, there can be no doubt that Fiserv's response was adequate even if Plaintiff

may have disagreed with the outcome and wanted to see Rochester fired. Plaintiff acknowledges that as soon as she returned to the office after making her complaint to Johnson, Fiserv separated Plaintiff's and Rochester's workspaces, but for the confusion that occurred on the morning of September 11, 2023, about who was assigned to which workspace. (Compl., ¶¶ 94, 97). There are no allegations in the Complaint that harassment continued or that Rochester ever sexually harassed Plaintiff again. Rather, Plaintiff alleged that Rochester had conversations with other employees insinuating that he had the text messages to prove that Plaintiff's sexual harassment claim was not legitimate. (*Id.* at ¶¶ 98–101). However, as discussed in the section immediately above, this claim was also promptly investigated and Rochester was informed that this behavior was "not acceptable" within four business days. (*Id.* at ¶¶ 102–107). After then, Plaintiff's allegations with respect to Rochester cease entirely.

It is apparent from the allegations in the Complaint that Fiserv's remedial measures were effective, even if Plaintiff wanted Rochester fired. She decided to voluntarily quit months later and is now trying to construct a retaliation claim after the fact. There is no basis on the facts alleged in Plaintiff's Complaint for Fiserv to be found liable for retaliating against Plaintiff by not terminating Rochester's employment.

## **CONCLUSION**

Plaintiff's opposition (DE 13) "puts the cart before the horse," and is predicated entirely upon a faulty legal premise that Defendants are *ipso facto* liable for Rochester's actions alleged in the Complaint. While Defendants acknowledge that these issues with respect to Plaintiff's primary claim for hostile work environment discrimination (Count One) will require discovery and determinations of fact, no such factfinding is necessary for the Court to find that Plaintiff's claim for LAD retaliation (Count Three) is not actionable. As a result, Defendants request that the Court grant their motion and dismiss Count Three of Plaintiff's Complaint consistent with the amended proposed order filed with this reply.

Dated: January 14, 2025               Respectfully submitted,

                                      **SAUL EWING LLP**
                                      *Attorneys for Defendants*

                                      By: */s/ Erik P. Pramschufer*
                                      Erik P. Pramschufer
                                      Gary B. Eidelman (*pro hac vice* to be filed)

## **CERTIFICATE OF SERVICE**

I, ERIK P. PRAMSCHUFER, hereby certify that on January 14, 2025, the foregoing Defendants' Reply Brief in Further Support of Their Motion to Partially Dismiss Plaintiff's Complaint was electronically filed and served through the Court's CM/ECF system, upon the following counsel of record:

Usmaan Sleemi
LAW OFFICES OF USMAAN SLEEMI LLC
66 Route 17 North, Suite 500
Paramus, NJ 07652
*Attorney for Plaintiff*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, then I may be subject to punishment.

*/s/ Erik P. Pramschufer*
Erik P. Pramschufer

10